Mr. Tim Leathers, Commissioner Department of Finance and Administration P.O. Box 1272 Little Rock, Arkansas 72203
Dear Mr. Leathers:
This is in response to your request for an opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), as to whether the decision of the Department of Finance and Administration ("DFA") that certain items in the personnel file of Ms. Lorenda Gardner are exempt from public disclosure is consistent with the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 to -107 (Repl. 1992 and Supp. 1993). Enclosed with your request is a copy of the FOIA request received by DFA from Ms. Dona Simpson in which Ms. Simpson asks that she receive "a copy of the personnel file pertaining to the Administrative resolution of Lorenda Gardner from the Revenue Office in Trumann, Arkansas." Also enclosed with your request is a copy of the letter written by Mr. Brandon L. Clark, an attorney with DFA, in response to Ms. Simpson's FOIA request, in which Mr. Clark states in part the following:
 While the materials you have requested are public records, it is my opinion that they fall within an exemption from the FOIA appearing at Ark. Code Ann. § 25-19-105. Subsection (b)(10) provides that personnel records are exempt from disclosure if disclosing such records would constitute a clearly unwarranted invasion of privacy. This exemption is qualified somewhat by subsection (c)(1) which states, in short, that employee evaluation or job performance records shall be open to public inspection only upon "final administrative resolution of any suspension or termination proceeding" at which the records form a basis for the decision to suspend or terminate the employee.
 There occurred no suspension or termination proceeding with respect to Ms. Gardner that would authorize disclosure under general FOI considerations or under subsection (c)(1) quoted above. Consequently, it is my opinion that the records you have requested are exempt under Ark. Code Ann. § 25-19-105(b)(10).
 To ensure that this opinion comports with Arkansas law, I am requesting an Attorney General's opinion on the issue. . . .
From the foregoing segments of Mr. Clark's letter, it is somewhat unclear to me how DFA characterizes the records in question (i.e., "the personnel file pertaining to the Administrative resolution of Lorenda Gardner") for purposes of the FOIA. While it appears that Mr. Clark considers the requested records to be "employee evaluation or job performance records" (A.C.A. §25-19-105(c)(1)), he cites A.C.A. § 25-19-105(b)(10) as the basis for the decision to deny Ms. Simpson's FOIA request. Section25-19-105(b)(10) relates, however, to "personnel records" and provides that such records are exempt only to the extent that their disclosure would constitute a "clearly unwarranted invasion of personal privacy." Mr. Clark also states that section25-19-105(b)(10), pertaining to "personnel records," is "qualified somewhat" by section 25-19-105(c)(1), the provision relating to "employee evaluation or job performance records."
As a determination with respect to the releasability of a record will hinge on how the record is characterized for purposes of the FOIA, it is important to emphasize, as an initial matter, that there is a distinction between "personnel records" and "employee evaluation or job performance records" under the act. As Professor John Watkins has stated, "[s]ubsection (b)(10) [of A.C.A. § 25-19-105] does not define the term `personnel records,' though subsection (c)(1) makes clear that it does not, for FOIA purposes, include employee evaluation or job performance records." Watkins, The Arkansas Freedom of Information Act
(m m Press 2d ed. 1994) at 123. A different standard for disclosure applies as well, depending on whether it is a "personnel record" or "employee evaluation or job performance" record that is being requested. Personnel records are exempt only to the extent their disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10). Employee evaluation or job performance records, however, are subject to public disclosure only upon final administrative resolution of any suspension or termination proceeding, where the records formed a basis for the suspension or termination, and where a compelling public interest in their disclosure exists. A.C.A. § 25-19-105(c)(1). All of these factors must be present in order for these types of records to be disclosed. Thus, the test for releasability to be employed is different, depending on the type of record at issue, and, in my opinion, it is incorrect to state that § 25-19-105(b)(10) is "qualified somewhat" by § 25-19-105(c)(1). The "clearly unwarranted invasion of personal privacy" test, set forth in §25-19-105(b)(10), will not be applicable if the record being requested is an employee evaluation or job performance record.
As I have not been provided with the records in question, I cannot make a determination with respect to the characterization of these records or to their releasability. However, if the records are employee evaluation or job performance records, the following factors (as also discussed above) must be met in order for the records to be disclosed: 1) the employee must have been suspended or terminated[1] 2) "final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee" must have been completed[2] and 3) there must be "a compelling public interest" in disclosure of the records. A.C.A. § 25-19-105(c)(1). This office has stated previously that "job performance" records are those which detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See e.g. Op. Att'y Gen. No.92-191. We also have stated previously that a letter of recommendation of termination, letters of reprimand and other disciplinary records are "job performance records." See Ops. Att'y Gen. No. 88-097, 91-303, 91-324. Thus, if the records are "employee evaluation or job performance records" and if all of the tests for releasability of such records have been met (i.e., those described above), DFA's decision not to release the records would be consistent with the FOIA pursuant to A.C.A. §25-19-105(c)(1). In this instance, the "clearly unwarranted invasion of personal privacy" test set forth in §25-19-105(b)(10) would be inapplicable, as that test applies only where "personnel records" are in issue. If, however, any of the records are "personnel records," the test set forth in §25-19-105(b)(10) should be employed. I have enclosed for your review a copy of Attorney General Opinion No. 94-235, which contains a discussion of the types of information, the release of which might constitute a "clearly unwarranted invasion of personal privacy" under A.C.A. § 25-19-105(b)(10). A review of that opinion should be helpful if some of the records requested by Ms. Simpson are, in fact, "personnel records" rather than "employee evaluation or job performance records."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:NAH/cyh
Enclosure
[1] This factor will not be met if the employee has resigned or has been reprimanded, demoted, placed on probation, or given a letter of caution. See Ops. Att'y Gen. No. 92-266, 92-207, 91-324, 91-303, 90-295, 88-094.
[2] Professor John Watkins notes that the term "final administrative resolution" should be construed to mean "the final decision-making step taken by the employing entity, regardless of the bureaucratic level at which the decision is made." Watkins,The Arkansas Freedom of Information Act (m m Press 2d ed. 1994) at 134. Additionally, this office has previously stated that if no review is sought, the initial decision is "final" for purposes of § 25-19-105(c)(1). See Op. Att'y Gen. No. 90-292.